| | | |
|---|---|---|
| HEATHER DEROUEN, ET AL | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-2550, DIV G | : | PARISH OF CALCASIEU |
| PENNSYLVANIA TOOL SALES AND SERVICE, INC., ET AL | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK |

### PETITION FOR DAMAGES

The petition of **HEATHER DEROUEN, individually and on behalf of her minor child, BRYCE VASSEUR**, a resident of full age of majority and domiciled in Calcasieu Parish, Louisiana, with respect represents that:

1.

**PENNSYLVANIA TOOL SALES AND SERVICE, INC.**, a business corporation of the State of Texas, authorized to do and doing business in the State of Louisiana, which may be served via the Louisiana Long Arm Statute through its Agent for Service of Process, Kenneth P. Greny, 16920 N. Texas Avenue, Webster, Texas 77598; **THE CINCINNATI INSURANCE COMPANY**, an insurance company domiciled in Ohio, whose mailing address is P.O. Box 145496, Cincinnati, OH 45250, Fairfield, Ohio, 45014, which may be served via the Louisiana Long Arm Statute through its agent for service of process, Steven Corbly, 6200 S. Gilmore Road, Fairfield, Ohio, 45014, and **JEVAUGHN M. HUGHES**, an individual residing in Houston, Texas, whose address is 16411 Laurelfield Drive, Texas 77059, who is a non-resident motorist and as such is subject to the jurisdiction of this Court and may be served through the Secretary of State in accordance with the provisions of LSA-R.S. 13:3474; are made defendants in this action and are justly and truly indebted unto petitioner for the reasons set forth hereinbelow.

2.

On or about June 7, 2018, at approximately 11:14 A.M., plaintiff, **HEATHER DEROUEN**, was driving her 2010 Hyundai Genesis and was traveling south on Nelson Road in Lake Charles, Calcasieu Parish, Louisiana, when she stopped for traffic congestion in front of her. Suddenly and without warning, a 2017 Chevrolet Express owned by **PENNSYLVANIA TOOL SALES AND SERVICES, INC.**, and being driven by **JEVAUGHN M. HUGHES**

**EXHIBIT 1**

within the course and scope of his employment as a truck driver for **PENNSYLVANIA TOOL SALES AND SERVICES, INC.**, struck the rear of the vehicle plaintiff was driving which caused a violent collision and serious bodily injuries to plaintiff, **HEATHER DEROUEN**. This collision caused **HEATHER DEROUEN** to strike the vehicle in front of her. The impact was so severe **HEATHER DEROUEN'S** 2010 Hyundai Genesis was deemed a total loss.

3.

As a result of the collision described hereinabove, **HEATHER DEROUEN** was thrown into and about the interior of the 2010 Hyundai Genesis which she was driving. This caused injuries to various parts of her body, including but not limited to her back, neck and left breast with headaches and injury to her nervous system and mental stability and/or condition, and/or aggravation of any pre-existing condition. This resulted in injury, disability and great physical pain and suffering. She has and will continue to suffer greatly and as a result she is entitled to recover the following sums, to wit:

> For her physical pain and suffering, bodily injuries, medical expenses, mental anguish, emotional distress, loss of enjoyment of life, and loss of earnings and/or earning capacity, past, present and estimated future, all for which she is entitled to recover damages in an unspecified sum.

4.

**BRYCE VASSEUR** has suffered a loss of consortium, services and society with his mother, **HEATHER DEROUEN**, for which petitioner **HEATHER DEROUEN, individually and on behalf of her minor child, BRYCE VASSEUR**, is entitled to recover an amount reasonable in these premises.

5.

Petitioner in no way contributed to the accident and had no opportunity to avoid her injuries and losses, and was no way at fault. The accident and resulting damages were caused sby the negligence of **JEVAUGHN M. HUGHES**, operator of the 2017 Chevrolet Express some of which negligence consisted of his:

a) Driving too fast under the circumstances;

b) Driving into the rear of a vehicle lawfully stopped on Nelson Road in Lake Charles, Calcasieu Parish, Louisiana;

c) Driving in a careless and inattentive manner in disregard for the safety of other motorists traveling on Nelson Road in Lake Charles, Calcasieu Parish, Louisiana;

d) Failing to slow down and/or adjust his speed before causing his vehicle to rear-end petitioner's vehicle which was stopped on Nelson Road due to traffic congestion in front of her in Lake Charles, Calcasieu Parish, Louisiana;

e) Driving at an excessive rate of speed on a very busy and heavily traveled roadway in Lake Charles, Calcasieu Parish, Louisiana;

f) Failing to keep a proper lookout at all times prior to and at the moment of the collision;

g) Failing to keep his vehicle under proper control and apply his brakes timely in order to avoid the collision with petitioner's vehicle;

h) Failing to see what he should have seen and do what he should have done in order to avoid the accident;

i) Failing in general to exercise due care under existing circumstances; and

j) All other acts of fault or negligence which may be proven at the trial of this matter.

6.

Defendant, **JEVAUGHN M. HUGHES**, was operating the 2017 Chevrolet Express within the course and scope of his employment as a truck driver for **PENNSYLVANIA TOOL SALES AND SERVICES, INC.** Therefore, **PENNSYLVANIA TOOL SALES AND SERVICES, INC.** is liable unto petitioner under the doctrine of respondeat superior and/or vicarious liability as employer of **JEVAUGHN M. HUGHES**.

7.

Defendant, **THE CINCINNATI INSURANCE COMPANY**, had in effect at the time of the collision described hereinabove a policy of liability insurance issued **JEVAUGHN M. HUGES and/or PENNSYLVANIA TOOL SALES AND SERVICES, INC.**, covering the 2017 Chevrolet Express operated by **JEVAUGHN M. HUGHES**. Under the terms of this liability insurance policy defendant, **THE CINCINNATI INSURANCE COMPANY**, is bound to pay for any damages arising out of the negligent operation, maintenance or use of the 2017 Chevrolet Express operated by **JEVAUGHN M. HUGHES** and indemnifies against all liabilities arising out of the negligent operation, maintenance or use of the vehicle under the circumstances of this accident.

7.

Petitioner desires and is entitled to have the attached Interrogatories, Request for Production of Documents and Request for Admissions made a part hereof, filed of record and served upon defendants simultaneously with the Petition for Damages, with each defendant required to produce the information and documents within the time delays provided by law.

8

The rights of the petitioner arises out of the activities of **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSRUANCE COMPANY and JEVAUGHN M. HUGHES**, which occurred within the State of Louisiana, Parish of Calcasieu, and this court therefore has personal jurisdiction over the defendants, subject matter jurisdiction as to the claims asserted herein, and further is a proper venue for these claims.

WHEREFORE, petitioner prays that:

I.     Defendants, **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES**, each be duly served with a copy of this petition and cited to appear and answer hereto;

II.    The attached Interrogatories, Request for Production of Documents and Request for Admission of Fact be made a part hereof, filed of record and served upon defendants simultaneously with the Petition For Damages, with each defendant required to produce the information and documents within the time delays provided by law;

III.   After the lapse of all legal delays and due proceedings had, there by judgment herein in favor of petitioners, and against defendants, **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES**, individually, jointly and insolido, for their damages, considering their losses, with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings;

Petitioners further pray for all necessary orders and decrees and for full, general and equitable relief.

BY HER ATTORNEY,

_____
BARRY A. ROACH (LA BAR NO. 21838)
Larry A. Roach, Inc.
2917 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 433-8504
Facsimile: (337) 433-3196

**NOTE TO CLERK OF COURT:**
**Please serve defendants as follows:**

**PENNSYLVANIA TOOL SALES AND SERVICE, INC.,**
Please prepare papers for service under the
Long Arm Statute of Louisiana, LSA-R.S. 13:3474

**THE CINCINNATI INSURANCE COMPANY**
Please prepare papers for service under the
Long Arm Statute of Louisiana, LSA-R.S. 13:3474

**JEVAUGHN M. HUGHES**
Please prepare papers for service under the
Long Arm Statute of Louisiana, LSA-R.S. 13:3474

| | | |
|---|---|---|
| HEATHER DEROUEN, ET AL | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-_____, DIV ____ | : | PARISH OF CALCASIEU |
| PENNSYLVANIA TOOL SALES AND SERVICE, INC., ET AL | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK |

### REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

TO:   Honorable H. Lynn Jones, II
      Clerk of Court
      14th Judicial District Court
      Parish of Calcasieu
      Lake Charles, Louisiana

In accordance with the provisions of LSA-C.C.P. 1571 and 1572, you are hereby requested to give the undersigned, as counsel for plaintiffs in the above captioned matter, written notice, by mail, ten days in advance of any date fixed for trial or hearing of the case, whether on exception, rules or the merits thereof.

In accordance with the provisions of LSA-C.C.P. 1913 and 1914, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case on the entry of such order or judgment.

Respectfully submitted,

_____
BARRY A. ROACH (LA BAR NO. 21838)
Larry A. Roach, Inc.
2917 Ryan Street
Lake Charles, Louisiana 70601
Telephone:   (337) 433-8504
Facsimile:   (337) 433-3196

**Counsel for Plaintiff**

| | | |
|---|---|---|
| HEATHER DEROUEN, ET AL | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-_____, DIV ___ | : | PARISH OF CALCASIEU |
| PENNSYLVANIA TOOL SALES AND SERVICE, INC., ET AL | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK |

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO: PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES

Now comes plaintiff, **HEATHER DEROUEN, individually and on behalf of her minor child, BRYCE VASSEUR**, through undersigned counsel, who propounds to defendants, **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES**, the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Louisiana Code of Civil Procedure, within 30 days after service hereof; and in default of the full, complete and timely answer thereto, Plaintiffs demand that you pay all reasonable attorney's fees, costs, and expenses of compelling answer to the same.

These interrogatories cover all information available to the answering parties and to each and every agent, employee, and attorney of such party, whether by personal knowledge, hearsay, books, records, reports, and all other sources, and these interrogatories are continuing and the answers shall be supplemented or amended if further information becomes known to the answering party prior to trial of this case.

Where "you" or "your" is used in these interrogatories, the reference is to each individual defendant. Where the term "accident" or "collision" is used, the reference is to that collision.

### INTERROGATORY NO. 1:

Please indicate your full name, date of birth, driver's license number, Social Security Number or Tax Identification Number, address, telephone number, occupation and marital status, and what other names you have gone by during your lifetime.

### INTERROGATORY NUMBER 2:

Please indicate your present occupation, the name of each prior and present employer, your position or office with each, and your present business address and telephone number, and state whether or not you were driving within the course and scope of your employment at the time of the collision? If so, please state the name and address of the employer.

**INTERROGATORY NUMBER 3:**

At the time of the collision, did your driver's license contain any restrictions on your operation of a motor vehicle, including any restriction as to hours of operation or any requirement that you wear glasses or other vision correction? Please describe any restriction or requirement.

**INTERROGATORY NUMBER 4:**

Please indicate where you were coming from and where you were going at the time of the collision, giving in your answer the place where you last entered the vehicle and your next destination, and the purpose of the trip.

**INTERROGATORY NUMBER 5:**

Please describe, as complete as possible, how the alleged accident happened. Please start your description with your entering the vehicle as described in interrogatory number 4, and describe the sequence of events from that time, through your leaving the collision site, including a description of any actions that you took as driver of your vehicle.

**INTERROGATORY NUMBER 6:**

Had you consumed any alcoholic beverage, drug, medicine, narcotic, marijuana, barbiturate and/or hallucinogen in the 24 hours preceding the accident sued on? If so, indicate what beverage was consumed, how much of the beverage was consumed, and where and when each beverage was consumed, what substance was taken, the amount taken, when each substance was taken, whether or not the substance was prescribed by a physician, and if so, by what physician and when.

**INTERROGATORY NO. 7:**

Please indicate the proper name, business designation, registered agent for service of process, address and phone number for **PENNSYLVANIA TOOL SALES AND SERVICES, INC.**, and any other entity which may be responsible for and/or provide insurance coverage to **JEVAUGHN M. HUGHES.**

**INTERROGATORY NO. 8:**

State the name and address of each person, including experts, having any knowledge of relevant facts related to the collision that is the basis of this suit, its cause, or the damages resulting from it.

**INTERROGATORY NO. 9:**

State the name and address of any potential party to this lawsuit not already a party.

**INTERROGATORY NO. 10:**

Please state the name and address of any consulting expert whose report or work product was reviewed by a testifying expert witness in this case, and state the name, address, and qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter concerning which the expert will testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or from the basis of the mental impressions and opinions held by the expert.

**INTERROGATORY NO. 11:**

Please state whether you have a copy of any statement that the plaintiff has previously made concerning the action or its subject matter and that is in your possession, custody, or control. For the purpose of this question, a statement previously made is:

1. A written statement signed or otherwise adopted or approved by the person making it, or;
2. A stenographic, mechanical, electrical, or other recording, or a transcription that is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**INTERROGATORY NO. 12:**

Have you or your attorneys, or anyone acting in your behalf employed any person to investigate the facts, circumstances, or any aspects whatsoever surrounding or leading up to the accident upon which this litigation is based? If so, state the name, address, profession or occupation, and place of employment of each such person, the date or dates of each such investigation; where such investigation was conducted and the persons present at each phase of each such investigation. State whether any written report of such investigation was made, the present whereabouts of any such report or copy thereof, and the names and addresses of all persons having possession or custody of such report or reports.

**INTERROGATORY NO. 13:**

Please identify and describe with specificity any and all impeachment or rebuttal information or evidence whether the same be in writing or in any other format, which will be used in connection with any witness' testimony, either in deposition or at trial, whether said information is in the form, public records, criminal or civil records, previously recorded statement(s), deposition testimony, and in the case of expert witnesses, authorities, publications, previous deposition testimony, previous expert reports, or any other material whatsoever which could be used to rebut the testimony of said expert witnesses.

**INTERROGATORY NO. 14:**

Please identify with name, address and telephone number any persons who may have seen the collision or who may have knowledge of the facts surrounding this accident, or that you may or will call as a witness at trial.

**INTERROGATORY NO. 15:**

Describe in detail any conversations you have had with the plaintiff(s) or plaintiff's / plaintiffs' representative following the collision in question.

**INTERROGATORY NO. 16:**

Were you cited or charged with any traffic violation in connection with the collision? If so, please indicate each charge and its disposition.

**INTERROGATORY NO. 17:**

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**INTERROGATORY NO. 18:**

Please describe any motor vehicle (other than yours) that played any part in this collision, giving year, make, model, color and ownership of each vehicle at the time of the collision, and the part that each vehicle played in the collision, and also give the name(s), business and home address(es) and home telephone number(s) of the person(s), firm(s) or corporation(s) that owned the tractor and the trailer that were involved in the accident together with their company unit numbers and the trip number when the accident in question occurred.

**INTERROGATORY NO. 19:**

State your policy with respect to testing your drivers for substance abuse and explain any differences between that policy and the manner in which you treated the defendant driver. Was a urine sample taken from the driver within 32 hours after the accident and, if not, why not?

**INTERROGATORY NO. 20:**

State your policy with respect to the operational speeds for your trucks and/or vans and explain exactly how you enforce compliance.

**INTERROGATORY NO. 21:**

Please state all of your contentions, including but not limited to your affirmative defenses; the complete factual basis for each of your contentions; and the name, address, and contact information of each person who has any knowledge of faces supporting your contentions.

**REQUEST FOR PRODUCTION NUMBER 1:**

Please produce any and all documents, reports, tangible evidence, or other items identified in answer to Interrogatories to Defendants, and/or used to answer Interrogatories to Defendants.

**REQUEST FOR PRODUCTION NUMBER 2:**

Please provide copies of any and all exhibits that you intend to offer as evidence at the trial of this matter.

**REQUEST FOR PRODUCTION NUMBER 3:**

Please provide copies of any and all expert reports that in any way bear upon, pertain or relate to the captioned litigation.

**REQUEST FOR PRODUCTION NUMBER 4:**

Attach a copy of any investigator's reports that were rendered, to include photographic images by camera, video or by any other means, of any person, place or thing connected with the accident on June 7, 2018.

**REQUEST FOR PRODUCTION NUMBER 5:**

Please provide the plaintiff with a certified copy of any and all insurance policies which may provide coverage under the circumstances of this accident, including additional layers of liability coverage, excess policies, proof of self insurance, or any other type of policy which may provide coverage to **JEVAUGHN M. HUGHES** and/or the 2017 Chevrolet Express involved in the accident on June 7, 2018.

**REQUEST FOR PRODUCTION NUMBER 6:**

As to any and all insurance policies or other contractual arrangement that may obligate an insurance company or other person, firm or corporation to provide any investigative services or defense for PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES in this case or may be obligated to pay any portion of any judgment that may be rendered against PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES produce the following documents and items, to-wit:

   a) Certified copies of all policies with all additions and deletions;
   b) All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;
   c) The total amount of money for which each such insurance company would be liable for payment on behalf of PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES;
   d) The amounts of all other claims being currently made against any such insurance policies other than by these plaintiffs;
   e) Contracts describing the obligation of any person, firm or corporation other than an insurance company to provide investigative or legal defense services for the benefit of PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES.

**REQUEST FOR PRODUCTION NUMBER 7:**

Please provide a copy of any and all appraisals and itemized receipts concerning the assessed property damage or repaired property damage to the 2017 Chevrolet Express you were driving as such pertains to this collision.

**REQUEST FOR PRODUCTION NUMBER 8:**

Attach a copy of the estimate or appraisal of the damage sustained to the 2017 Chevrolet Express that JEVAUGHN M. HUGHES was driving when the subject accident occurred.

**REQUEST FOR PRODUCTION NUMBER 9:**

Attach and describe in detail any and all photographs, photographic images by camera, video or by any other means, drawings, diagrams, models, placards or illustrations of the scene of the accident, property damage, and/or the persons involved in the June 7, 2018, accident, to include any physical evidence and/or other demonstrative evidence you may use at a trial in this cause.

**REQUEST FOR PRODUCTION NUMBER 10:**

Please provide copies of all medical records and reports which have been generated as a result of your receiving treatment in connection with the accident sued on. This is to include any and all results of drug/alcohol screens done within 32 hours after the subject accident.

**REQUEST FOR PRODUCTION NUMBER 11:**

Attach copy of any and all statements given by plaintiffs to any investigative services, attorney, and/or adjuster hired by PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES, to investigate this accident, whether they be by telephone, in writing or by recording or personal interview.

**REQUEST FOR PRODUCTION NUMBER 12:**

Attach copy of any and all accident/incident reports including but not limited to:
a) any data entered in any computer system;
b) actual filed report;
c) any supplemental reports;
d) any investigative reports;
e) or any reports of this incident of every form or kind.

**REQUEST FOR PRODUCTION NUMBER 13:**

Please provide a copy of the front and back of JEVAUGHN M. HUGHES' driver's license.

**REQUEST FOR PRODUCTION NUMBER 14:**

Please provide a copy of any citation issued to you in relation to the subject collision and provide the disposition of same.

**REQUEST FOR PRODUCTION NUMBER 15:**

Please provide all documents to support your contentions made in your answer to Interrogatory No. 21.

BY HER ATTORNEY,

_____
BARRY A. ROACH (#21838)
Larry A. Roach, Inc.
2917 Ryan Street
Lake Charles, Louisiana 70601
Telephone:  (337) 433-8504
Facsimile:  (337) 433-3196

**PLEASE SERVE ALONG WITH THE PETITION FOR DAMAGES**

| | | |
|---|---|---|
| HEATHER DEROUEN, ET AL | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-_____, DIV ____ | : | PARISH OF CALCASIEU |
| PENNSYLVANIA TOOL SALES AND SERVICE, INC., ET AL | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____<br>DEPUTY CLERK |

### PLAINTIFF'S FIRST REQUEST FOR ADMISIONS OF FACT TO DEFENDANTS

Plaintiff, **HEATHER DEROUEN**, individually and on behalf of her minor child, **BRYCE VASSEUR**, through undersigned counsel, addresses the following Request for Admissions to you, **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES**, to be answered under oath in writing in accordance with the Louisiana Code of Civil Procedure, Articles 1466 through 1468.

The requested admissions, if any, shall be for the purposes of the above entitled and numbered cause only. Any fact concerning which an admission is requested that is not denied by service of the denial upon the plaintiff within the delays provided by law of the service hereof shall be deemed admitted.

### REQUEST FOR ADMISSION NO 1

Admit or Deny that on June 7, 2018, at the time of the subject accident, **JEVAUGHN M. HUGHES** was driving the subject 2017 Chevrolet Express referred to in plaintiff's petition with the knowledge, consent and permission of its registered owner.

### REQUEST FOR ADMISSION NO. 2

Admit or Deny that while **JEVAUGHN M. HUGHES** was driving the subject 2017 Chevrolet Express at the time of the subject accident on June 7, 2018, a collision occurred when he failed to stop and collided into the rear end of the 2010 Hyundai Genesis being driven by **HEATHER DEROUEN**.

### REQUEST FOR ADMISSION NO 3

Admit or Deny that the subject accident occurred on Nelson Road in Lake Charles, Calcasieu Parish, Louisiana on June 7, 2018, at or about 11:14 a.m.

### REQUEST FOR ADMISSION NO 4

Admit or Deny that you were operating the 2017 Chevrolet Express within the course and scope of your employment as a truck driver for **PENNSYLVANIA TOOL SALES AND SERVICES, INC.**, when the accident occurred on June 7, 2018.

**REQUEST FOR ADMISSION NO 5**

Admit or Deny that there was insurance coverage in effect on the 2017 Chevrolet Express that **JEVAUGHN M. HUGHES** was driving at the time of the accident on June 7, 2018, that provides coverage for plaintiffs' losses, damages and injuries under the circumstances of this accident.

**REQUEST FOR ADMISSION NO 6**

Admit or deny that the vehicle **HEATHER DEROUEN** was driving at the time of the subject accident, was proceeding lawfully on Nelson Road in Lake Charles, Calcasieu Parish, Lake Charles, Louisiana.

**REQUEST FOR ADMISSION NO 7**

Admit or deny that **HEATHER DEROUEN** did nothing to cause the subject accident.

**REQUEST FOR ADMISSION NO 8**

Admit or deny that **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES** are responsible for plaintiffs' losses, damages and injuries resulting from the aforementioned automobile accident of June 7, 2018.

PLEASE TAKE NOTICE that this Request for Admissions of Fact to Defendants, **PENNSYLVANIA TOOL SALES AND SERVICES, INC., THE CINCINNATI INSURANCE COMPANY and JEVAUGHN M. HUGHES**, shall be deemed continuing in nature so as to require supplemental answers if you obtain further documents or information that you would change an answer to any of the above requested admissions of fact, between the time your admissions or denials are submitted and the time of the trial.

Lake Charles, Calcasieu Parish, Louisiana, on this 23 day of May, 2019.

BY HER ATTORNEY,

BARRY A. ROACH (21,838)
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 433-8504
Facsimile: (337) 433-3196

**PLEASE SERVE ALONG WITH PETITION FOR DAMAGES**